IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| BRENDA GAY, | ) | |
| Plaintiff, | ) ) ) | CV415-013 |
| v. | ) ) | Civil Action No. _____ |
| TRISTAR PRODUCTS, INC., | ) ) ) | JURY TRIAL |
| Defendant. | ) | DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW Brenda Gay and files her Complaint against Tristar Products, Inc. (hereinafter "Tristar"), showing the Court as follows:

### JURISDICTION AND VENUE

1.

Plaintiff Gay is a resident of Savannah, Georgia and has submitted herself to this Court's jurisdiction and venue via the filing of this Complaint.

2.

Tristar Products, Inc. (Tristar) is a for-profit corporation organized and existing under the laws of the State of Pennsylvania. Tristar maintains its principal place of business at 2620 Westview Drive, Wyomissing, Pennsylvania 19610.

3.

Tristar may be served with summons and process via service upon one of its officers, directors, or managing agents pursuant to Fed. R. Civ. P. 4.

4.

Service may also be perfected upon Tristar via Georgia's Long-Arm Statute.

5.

Venue is proper in this District because Tristar is a foreign corporation and may be sued in any District in this State. The Savannah Division is the appropriate Division of the District Court because a substantial part of the events or omissions complained of occurred in the Savannah Division of the Southern District of Georgia. See, L. R. 2.1(c).

6.

Tristar is subject to this Court's jurisdiction, pursuant to Georgia's Long-Arm Statute, because Tristar has purposefully availed itself of conducting business activities within Georgia and has invoked the benefits of the protections of Georgia's laws, Ms. Gay's causes of action against Tristar arose out of and are related to Tristar's contacts with Georgia, Tristar committed a tortuous act or omission within the State of Georgia, and Tristar committed a tortuous injury in the State of Georgia caused by an act or omission outside the State of Georgia while regularly engaging in business in the State of Georgia.

7.

Tristar solicits the sale of its products in Georgia and sells its products in Georgia. More specifically, Tristar operates a website and advertises via that website and via television advertising in the State of Georgia. Tristar also ships its products to retail locations in Georgia and offers them for sale at Georgia retail locations.

8.

The Tristar product merchandise involved in this litigation (Aqua Rug) was purchased by Plaintiff Gay at a Bed Bath & Beyond store in Savannah, Chatham County, Georgia. Brenda Gay was injured while using Tristar's Aqua Rug in her home in Chatham County, Georgia.

9.

This Civil Action is based upon diversity of citizenship as it involves a dispute between a citizen of Georgia and a corporation of a different state. The amount in controversy exceeds $75,000, exclusive of costs and interest. This Court has jurisdiction over this Civil Action under 28 U.S.C. § 1332.

**FACTS**

10.

On May 5, 2013, Ms. Gay purchased an Aqua Rug from the Bed Bath & Beyond store in Savannah, Georgia. The Aqua Rug was distributed and supplied to Bed Bath & Beyond, by Tristar Products, Inc.

11.

On July 4, 2013, while using the Aqua Rug product, as instructed and intended, in the bathtub of her residence in Port Wentworth, Chatham County, Georgia (a suburb of Savannah), the Aqua Rug failed to maintain adequate slip resistance with the bathtub surface and consequently slid, causing Ms. Gay to fall and sustain serious bodily injuries.

12.

The outside of the box, that the Aqua Rug was packaged in, states that it is "designed to stay in place." In marketing the Aqua Rug on-line, on TV and in print, Defendant represented, prior to this injury, that the Aqua Rug's no-slip backing guaranteed that it would stay in place wherever you put it and that it's slip resistant backing ensured that it would always stay in place.

13.

A single page package insert inside the box sets forth "use instructions" that state as follows: "Fill bathtub or shower with small amount of water. Place Aqua Rug in tub and press down suctions cups firmly to secure. Carefully step onto Aqua Rug to make sure it is secure to tub. Clean Aqua Rug and tub regularly to aid against buildup of slippery residue."

14.

The above package insert also contains a caution, stating "Do not use on textured or uneven surfaces, may cause slip and injury."

15.

In connection with the above-described fall on July 4, 2013, Ms. Gay followed all of the above "use instructions" and did not use the Aqua Rug on a textured or uneven surface. Nonetheless, the Aqua Rug failed to maintain adequate slip resistance.

16.

The above-described statement on the outside of the packaging of the Aqua Rug, as well as the "use instructions" and the "caution" statement, were all provided and supplied by

4

Tristar Products, Inc. with the Aqua Rug product. They were the only use instructions, cautions, or warnings provided with the Aqua Rug product purchased by Ms. Gay.

17.

The Aqua Rug was sold as new with certain design defects, the first of which is that the size, number and location of the four small round vinyl suction cups located at each corner of the Aqua Rug do not provide adequate adhesive force to keep the rug from moving when used as instructed and intended.

18.

Second, the PVC backing material on the rug is not securely affixed to the spun woven surface and, when stepped on, will cause slippage between the mat and the bathtub surface, further compounding the mat's overall movement, even when used as instructed and intended.

19.

The Aqua Rug offers a sufficient level of slip resistance when used on a dry surface but does not when used under wet and/or soapy conditions such as those that occur when being used in a bath or shower. The packaging which accompanied the Aqua Rug was inadequate because it did not contain any cautions or warnings as to the slippery nature of the product when used on a wet surface.

20.

The packaging and instructions that accompany the Aqua Rug were inadequate because same did not include any specific cleaning procedures for the mats backing and

suction cups to enhance its slip resistance. During normal use, the backing and cups are exposed to bath oils, soaps, and creams which compromise the mat's ability to remain stable and affixed to the bathing surface.

21.

Tristar advertises that the Aqua Rug will never stain, form mildew, or develop bacteria. However, this is a false representation since the Aqua Rug will stain and will hold mildew growth. This causes the rug to be less slip resistant but the packaging instructions that accompany the Aqua Rug failed to warn of same.

22.

Prior to the sale of the Aqua Rug, involved in Brenda Gay's fall, Tristar was aware of numerous complaints about the Aqua Rug not being slip and/or mildew resistant but, instead, being dangerous and causing falls. However, Tristar did not stop selling the product or warn of the hazards caused by using a non-slip resistant product on a wet surface, such as a tub or shower.

23.

Reasonable alternative designs were available in the marketplace at the time that the Aqua Rug, involved in Brenda Gay's fall, was sold by Tristar. However, Tristar chose not to sell reasonable alternative designs, and chose not to warn of the known hazards involved with the Aqua Rug, when it sold the Aqua Rug to Bed Bath & Beyond. This was the proximate cause of the fall and subsequent injuries to Brenda Gay.

24.

As a result of the 7/4/2013 fall, above described, Ms. Gay suffered significant, permanently disabling physical and mental injuries and will remain disabled for the rest of her life.

25.

As a result of the 7/4/2013 fall, Ms. Gay has endured significant pain and suffering, both physical and mental, and will continue to endure physical and mental pain and suffering for the rest of her life.

26.

As a result of the 7/4/2013 fall, Ms. Gay has, to date, sustained $102,917.62 in medical bills as a result of injuries sustained in the above fall.

27.

As a result of injuries sustained in the above-described fall, Ms. Gay has incurred $13,000.00 in lost wages.

28.

As a result of injuries sustained in the above-described fall, Ms. Gay has developed chronic pain and physical limitations in her right hip. Consequently, she will require medical treatment in the form of pain medications, therapy, injections, and other modalities for the rest of her life expectancy.

## Count I – Failure to Warn

29.

Plaintiff hereby re-alleges and incorporates herein by reference Paragraphs 1-28 above, as if set forth verbatim herein.

30.

Defendant Tristar supplied the above-described Aqua Rug to Bed Bath & Beyond knowing that persons such as Ms. Gay would be purchasing and using the product in their bathtubs and showers.

31.

Tristar knew, or should have known, that the Aqua Rug, as supplied to Bed Bath & Beyond, was likely to be dangerous for the use for which it was supplied and knew that the product had inadequate warnings or no warnings at all, as described above, regarding the dangers of the product in its normal, intended use.

32.

Tristar had no reason to believe that individuals, for whose use the rug was supplied, including specifically Brenda Gay, would realize the product's dangerous condition, and yet failed to exercise reasonable care to inform such users, including Ms. Gay, of the product's dangerous condition or of the facts which made it dangerous, by and through written warnings or otherwise. Thus, Tristar is liable in damages to Brenda Gay for Tristar's failure to warn. This duty to warn arises under Georgia common law to include the Restatement 2d of Torts §§388 and/or 401.

## Count II – Negligence

33.

Plaintiff hereby re-alleges and incorporates herein by reference Paragraphs 1-32 above, as if set forth verbatim herein.

34.

In the exercise of ordinary, reasonable care, Tristar knew, or should have known, that the Aqua Rug product was unlikely to be made reasonably safe by Bed Bath & Beyond or by any other person or entity to whom it distributed the product, before being put to a use which Tristar should have expected it to have been put. Thus, Tristar was negligent when it sold a defective product, the Aqua Rug, to Bed Bath & Beyond. This duty of ordinary, reasonable care arises under Georgia common law.

35.

As a proximate result of the above negligent acts and/or omissions by Tristar, Ms. Gay suffered significant injuries and Tristar is liable for same.

## Count III – Breach of Implied Warranty of Merchantability

36.

Plaintiff hereby re-alleges and incorporates herein by reference Paragraphs 1-35 above, as if set forth verbatim herein.

37.

Tristar impliedly warranted the merchantability of the Aqua Rug, including that it was fit for the ordinary purpose for which such rug was used and that it would conform to the promises or affirmations of fact made on the packaging.

38.

Tristar breached its warranty of merchantability because the Aqua Rug was not fit for the ordinary purpose of which such rug was used, i.e. was not fit to be used on a wet surface such as a bathtub or shower.

39.

Tristar breached its warranty of merchantability for the Aqua Rug because the Aqua Rug did not conform to the promises or affirmations of fact made on its packaging. Instead, the Aqua Rug was defective.

40.

As a proximate result of the breach of the warranty of merchantability, Brenda Gay was severely injured.

### Count IV – Negligent Misrepresentation

41.

Plaintiff hereby re-alleges and incorporates herein by reference Paragraphs 1-40 above, as if set forth verbatim herein.

42.

The Restatement (2d) of Torts § 311, which has been adopted in Georgia, provides that one who negligently gives false information and thereby causes physical harm to another who reasonably relies on that information is liable for such harm.

43.

In its marketing of the Aqua Rug in packaging, packaging inserts, television advertising, on-line and video presentation of information, Defendant negligently misrepresented that 1) the Aqua Rug's no-slip backing guarantees it will stay put wherever you place it; 2) that it's slip resistant backing ensures that it will always stay in place; 3) that the Aqua Rug is designed to stay in place; and 4) that the Aqua Rug is mildew and stain resistant. Specifically, Defendant failed to exercise ordinary care in determining the accuracy of the above information because the Aqua Rug does not, in fact, always stay in place when used as intended and does develop mildew and staining within a relatively short period of time when used as intended.

44.

As a result of its packaging and marketing in print, television and on-line, Plaintiff was a person that Defendant should have expected to be put in danger by such negligent misrepresentations regarding the slip resistance of the Aqua Rug.

45.

Plaintiff reasonably relied upon the above false information in purchasing and using the Aqua Rug as instructed. As a result of this reliance, Plaintiff suffered serious bodily injury and harm.

## Count V – Attorneys' Fees

46.

Plaintiff hereby re-alleges and incorporates herein by reference Paragraphs 1-45 above, as if set forth verbatim herein.

47.

Tristar has acted with bad faith, been stubbornly litigious, and has caused the Plaintiff Brenda Gay unnecessary trouble and expense so as to entitle Brenda Gay to an award of reasonable attorneys' fees and expenses pursuant to O.C.G.A. § 13-6-11.

## Count VI – Punitive Damages

48.

Plaintiff hereby re-alleges and incorporates herein by reference Paragraphs 1-47 above, as if set forth verbatim herein.

49.

Defendant Tristar, prior to Ms. Gay's injury, was made aware of the fact that the Aqua Rug had inadequate and dangerously defective slip resistance characteristics even in normal, intended use, as a result of complaints from customers, purchasers, and others.

50.

Tristar showed conscious indifference to serious consequences by ignoring the above hazards to its ultimate customers when it sold a defective product and by failing to warn of the hazards and/or otherwise seek to remediate the hazards prior to sale. Thus, Defendant Tristar is liable to Plaintiff for punitive damages for conscious indifference to serious consequences.

WHEREFORE Brenda Gay respectfully requests the following relief:

A.  For adequate and timely service of process upon Defendant.

B.  That Brenda Gay recover special damages to include past, present, and future medical expenses and lost wages;

C.  That Brenda Gay recover general compensatory damages for past, present, and future mental and physical pain and suffering;

D.  That Brenda Gay recover her reasonable attorneys' fees and expenses pursuant to O.C.G.A. § 13-6-11;

E.  That Brenda Gay recover punitive damages for the Defendant's conscious indifference to serious consequences;

F.  For trial by jury; and

G.  For such other and further relief as this Court deems just and appropriate.

Respectfully submitted this 20th day of January, 2015.

OWENS & MULHERIN

_____
Joseph A. Mulherin III
Georgia State Bar No. 527910
mulherin@lomlaw.com
Wilbur D. Owens, III
Georgia State Bar No. 557810
owens@lomlaw.com
Attorneys for Plaintiff

P.O. Box 13368
800 Commercial Court
Savannah, Georgia 31416-3386
(912)691-4686